**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4162**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

MIGUEL BRACAMONTES, a/k/a Miguel Rayo Bracamontes, a/k/a
Miguel Bracamontes-Rayo, a/k/a Reinaldo Palomares,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (7:10-cr-00030-F-1)

_____

Submitted:  January 23, 2012      Decided:  February 7, 2012

_____

Before WILKINSON, MOTZ, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

David L. Neal, Hillsborough, North Carolina, for Appellant.
Thomas G. Walker, United States Attorney, Jennifer P. May-
Parker, Kristine L. Fritz, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Bracamontes appeals the 364-month sentence of imprisonment imposed by the district court following his guilty pleas to conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846 (2006), conspiracy to distribute and possess with intent to distribute a quantity of cocaine and fifty grams or more of cocaine base in violation of 21 U.S.C. § 846, possession with intent to distribute a quantity of cocaine and fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2 (2006), and improper entry by an alien in violation of 8 U.S.C. § 1325(a) (2006). On appeal, Bracamontes contends that the district court committed clear error by finding that he occupied a leadership or organizational role in the offense and imposing a four-level increase in his offense level pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(a) (2010). In support, Bracamontes argues that the district court's relevant findings were not supported by the evidence, and its additional findings were not relevant to the seven factors that a court must consider before imposing an increased sentence for a leadership role in the offense. We affirm.

A sentencing court's ruling on the aggravated role adjustment under USSG § 3B1.1 is a factual determination that we

2

review for clear error. United States v. Llamas, 599 F.3d 381, 389 (4th Cir. 2010).

Under USSG § 3B1.1(a), a four-level increase in a defendant's offense level is warranted "if the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a). To qualify for the four-level adjustment, "the defendant must have been the organizer or leader of one or more participants as opposed to merely exercising management responsibility over the property, assets, or activities of a criminal organization." United States v. Cameron, 573 F.3d 179, 184 (4th Cir. 2009) (citing USSG § 3B1.1 cmt. n.2) (internal quotation marks and alteration omitted). In determining whether a defendant played an organizational or leadership role in the offense, courts are required by the Sentencing Guidelines to consider:

> [(1)] the exercise of decision making authority, [(2)] the nature of the participation in the commission of the offense, [(3)] the recruitment of accomplices, [(4)] the claimed right to a larger share of the fruits of the crime, [(5)] the degree of participation in planning or organizing the offense, [(6)] the nature and scope of the illegal activity, and [(7)] the degree of control and authority exercised over others.

USSG § 3B1.1, cmt. n.4.

After reviewing the record, we conclude that the district court properly considered the relevant factors under USSG § 3B1.1, cmt. n.4, and the evidence in the record amply

supports its finding that Bracamontes was an organizer or leader in the offense. Accordingly, we conclude that the district court did not clearly err by imposing the four-level enhancement under USSG § 3B1.1(a).

We affirm the judgment below. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED